United States District Court
District of Connecticut

Jose Garcia,
  Plaintiff

complaint
Jury trial requested

3:16CV852JCH

V.

The University of Connecticut Health Care Center; Scott Semple Commissioner of the Department of Corrections; The Department of Corrections; C.O. Genise; C.O. Gray; C.O. Parnisakul; C.O. Burritt; C.O. Ross; C.O. Byars; Lt. Hurdle; C.S.W. Marek; C.S.W. Bertulis; L.P.N Yerkes
  Defendants

## Introduction

This is a civil rights action filed by Jose Garcia, a state prisoner, for damages under 42 U.S.C 1983 and Americans with Disabilities Act (ADA) 42 U.S.C 12101 et. seq., for the denial of adequate mental health care for his severe mental illness in violation of the eighth amendment to the Constitution and retaliatory confinement in restrictive housing unit (RhU) also in violation of the

eighth amendments prohibition of cruel and unusual punishment.

## Jurisdiction

The court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional and statutory rights under 42 U.S.C. 1331(1) and 1343.

## Exhaustion of Administrative Remedies

The plaintiff has exhausted his administrative remedies with respect to all claims and defendants, by utilizing and exhausting defendants' grievance procedures.

## Parties

The University of Connecticut Health Care Center (hereafter) UCONN- a state and private contractor who at all times mentioned in this complaint was and is responsible for providing adequate mental health care to prisoners in the custody of the Department of

Continuation of Page 1.

the Department of Corrections;
The Department of Corrections;
C.O. Genise; C.O. Gray; C.O.
Parnisakul; C.O. Burritt; C.O. Ross;
C.O. Byars; LT. Hurdle; C.S.W.
Marek; C.S.W. Bertulis; L.P.N
Yerkes.

③

Corrections;

Defendant Scott Semple Is the Commissioner of the Department of Corrections. He is sued in his indivisual and official capacity;

The Department of Corrections at all times relevent to the Facts of this complaint, Is responsible for providing the plaintiff with adequate mental health care. The Department of Corrections Is sued IN It's official capacity;

Defendant Genise Is a correctional officer employed by the Department of Corrections at Garner. He Is sued IN his Indivisual and official capacity;

Defendant Gray is a correctional officer employed by the Department of Corrections at Garner. He is sued IN his Indivisual and official capacity;

Defendant Parnisakul Is a correctional officer employed by the Department of Corrections at Garner. He Is sued IN his Indivisual and official capacity;



Defendant Burritt is a correctional officer employed by the Department of Corrections at Garner. He is sued in his indivisual and official capacity;

Defendant Ross is a correctional officer employed by the Department of Corrections at Garner. He is sued in his indivisual and official capacity;

Defendant Byars is a correctional officer employed by the Department of Corrections at Garner. He is sued in his indivisual and official capacity;

Defendant Hurdle is a Lieutanant employed by the Department of Corrections at Garner. He is sued in his Indivisual and official capacity;

Defendant Marek is a clinical social worker employed by the University of Connecticut Health Care Center (Uconn) and assigned to Garner pursuant to a contractual agreement. She is sued in her Indivisual and official capacity;

Defendant Bertulis is a clinical social worker employed by the University of Connecticut Health Care Center (Uconn) and assigned to Garner pursuant to a contractual agreement. She is sued in her indivisual and official capacity;

Defendant Yerkes is a licensed practical nurse employed by the University of Connecticut Health Care Center (Uconn) and assigned to Garner pursuant to a contractual agreement. She is sued in her indivisual and official capacity;

All the Defendants have acted and continue to act, under color of state law at all times relevant to this complaint.

## Statement of Facts

On 5-6-2014 while in H-Block mental Health unit, I was repeatedly harrased by C.O. Genise who continously made inapropiate and derogratory comments to me about mental illness; i.e. "retard-ass, el retard." and "hey Garcia, have you ever tried to stick your meds up your ass - they might work better." After 2 hours

of Defendant Genise's harrassment, I began to have difficulty controlling myself and eventually became more disruptive. As the symptoms of my mental Illness became more difficult to control, Defendant Genise lauphed at me and stated "Hey retardo, see how easy It Is to pull your strings- See you when you when you get out of seg." Upon my arrival to the restrictive housing unit (Rhu), I Informed mental health staff that I was repeatedly provoked over a 2 hour period until I no longer control the symptoms of my bypolar and anxiety disorder. At which point I requested medication but was told that i would not be given any meds at that time. As I began to regress Further, I made repeated request for medication that was Ignored by Defendants officer Gray, c.s.w. Marek, c.s.w. Bertulis, and L.P.N. Yerkes. Unable to control the symptoms associated with my mental illness, I became extremely agitated and eventually Irate. However, Instead of providing me with mental health medication, I was physically restrained - Defendants' Parnisakul and Burritt handcuffed me behind my back.

I then was taken to restrictive housing unit's (RhU's) multi-purpose room, where I was locked In a steel cage. AFter which I was taken to another cell where DeFendants Ross, Burritt, Parnisakul and Byars placed me In both wrist and ankle restraints with a short chain that connected the restraints to preclude me from being able to stand fully upright, walk In the cell or use the toilet — In retaliation of me inForming c.s.w. Marek, c.s.w. Bertulis, L.P.N. Yerkes that I was going to File a Federal lawsuit against them, UconN and the Department of Corrections For deliberately with-holding my mental health medication and punishing For behavior attributed to my mental Illness. From 8:00 p.m. to 5:00 a.m., I was leFt In restraints and could not remove the saFety gown, use the toilet, I urinated and deFecated on myselF. On 5·7·2014 at 5:00 a.m.; while restraints were being removed, I asked LT. Hurdle iF I could be given a washcloth and soap so that I can wash the Feces and urine oFF myselF. LT. Hurdle told me "No" and stated "that maybe next time you'll think twice about pissing oFF staFF and threatening them with lawsuits." I was Forced to get dressed and attend a court hearing



with dried urine and excrement on myself. While in court, the symptoms of my bypolar and anxiety disorder worsened, and without medication became impossible to control. At which point, I attempted to commit suicide by hanging myself and was transported to a New Britain Hospital, where I was examined for injuries to my neck and spine. I was eventually transported to Garner C.I., where I was housed in the In-patient medical (I.P.M) unit, I was put there for observation. Upon my release from the In-patient unit, I was immediately placed back into restrictive housing unit (RhU). As a result of deliberate indifference to my severe mental illness (I.e. Bypolar Disorder) by the Defendants that resulted me in attempting to commit suicide by hanging myself, I now suffered from chronic headaches with extreme neck and back pain.

### Claims of Relief

The actions of the Defendants: The University of Connecticut (Uconn) Health Center; c.s.w. Marek; c.s.w. Bertulis; and

L.P.N. Yerkes, IN denying the plaintiff adequate mental health care for his serious medical needs IN violation of their contractual agreement with the Defendant Scott Semple Commissioner of the Department of Corrections — resulted IN injuries the plaintiff suffered to his neck and spine as a result of a suicide attempt constituted deliberate INdifference to the plaintiff's serious medical needs in violation of the eighth amendment to the United States Constitution and the Americans with Disabilities act (ADA) 42 U.S.C. 12101 et. seq.;

The actions of the Defendants: The Department of Correction; Commissioner Semple; C.O. Genise; C.O. Gray; C.O. Parnisakul; C.O. Burritt; C.O. Ross; C.O. Byars; and Lt. Hurdle, IN Ignoring the plaintiff's serious mental health needs placed the plaintiff in restrictive housing unit (RhU) segregation for behavior symptomatic of his mental illness and pursuant to a Department of Correction policy and procedure authorized by Defendant

Semple, did place the plaintiff in both wrist and ankle restraints with a short chain connecting both restraints - Precluding the plaintiff from standing upright or using the toilet for 9 hours, resulted in plaintiff festering in his urine and feces - were done maliciously and sadistically constituting cruel and unusual punishment in violation of the eighth amendment of the United States Constitution.

### Relief Requested

Wherefore, the plaintiff requests the following relief:

1) Award compensatory damages in the amount of two-hundred and fifty thousand ($250,000.00) Dollars against the Defendants: The University of Connecticut (UConn) Health Center; c.s.w. Marek; c.s.w. Bertulis; L.P.N. Yerkes; Jointly and severally for physical and emotional injuries the plaintiff sustained as a result of their Deliberate Indifference to the

(11)

Plaintiff's serious medical needs and disability;

2) Award compensatory and punitive damages In the amount of two-hundred and fifty thousand ($250,000.00) dollars against the Defendants: Commissioner Semple; The Department of Correction; C.O. Genise; C.O. Ross; C.O. Burritt; C.O. Parnisakul; C.O. Byars; and LT. Hurdle Jointly and severally for physical and emotional Injuries the plaintiff sustained as a result of being subjected (For (9) hours) to cruel and unusual punishment;

3) Do to his Incarceration, the plaintiff requests that the court serves this complaint upon all named Defendants;

4) Grant such other relief as the court may deem Just and proper.

Date: 11·27·2015

Respectfully Submitted
Jose Garcia #266497
Garner C.I.
50 Nunnawauk Rd
New-Town, CT 06470