UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE GARCIA,<br>    Plaintiff, | :<br>:<br>:   Case No. 3:16cv852(JCH) |
| v. | :<br>: |
| UNIVERSITY OF CONNECTICUT<br>HEALTH CARE CENTER, ET AL.,<br>    Defendants. | :    FEBRUARY 6, 2018<br>:<br>: |

**RULING ON PENDING MOTIONS (Doc. Nos. 41, 44, 55, & 56)**

The plaintiff, Jose Garcia ("Garcia"), incarcerated and pro se, has filed a Motion for Appointment of Counsel (Doc. No. 44) and two Motions for Issuance of a Subpoena ("Mot. Subpoena") (Doc. Nos. 55, 56). The defendants have filed a Motion to Seal Exhibits (Doc. No. 41) in support of their Motion for Summary Judgment (Doc. No. 38).

For the reasons set forth below, the Motion for Appointment of Counsel and the Motions for Issuance of a Subpoena are denied, and the Motion to Seal is granted.

**I.   Motion for Appointment of Counsel (Doc. No. 44)**

Civil litigants do not have a constitutional right to the appointment of counsel. See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint pro bono counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.") (emphasis added). The Second Circuit has made clear that before an appointment is even considered in a civil

action, the indigent person must demonstrate that he or she is unable to obtain counsel or legal assistance. See Hodge, 802 F.2d at 61.

Garcia attaches letters that he sent to six law firms seeking representation and two letters from law firms declining to accept Garcia's case. In a Ruling denying Garcia's prior Motion for Appointment of Counsel, the court noted that Garcia had not made any attempts to contact the Inmate Legal Aid Program with regard to questions he might have about litigating this case. See (Doc. No. 23) at 2. Garcia does not allege that he has made any effort to contact the Inmate Legal Aid Program since the court's prior ruling. The court concludes that Garcia has made insufficient attempts to secure legal assistance on his own. Because there is a possibility that Garcia may be able to secure legal assistance independently, the Motion for Appointment of Counsel is denied by the court at this time. See Hodge, 802 F.2d at 61.

## II.     Motions for Issuance of a Subpoena (Doc. Nos. 55, 56)

Garcia has filed identical motions asking the court to issue a subpoena directing the State of Connecticut Judicial Marshal's Office at the New Britain Superior Court to produce all documents related to his attempted suicide in a holding cell at the New Britain courthouse on May 7, 2014. He also seeks to have any costs associated with the service of the subpoena waived. Garcia claims that the documents in the possession of the Connecticut Judicial Marshal's Office "are directly related to the incidents alle[]ged, are highly probative of the subject matter, [and] likely to be admitted by the court in further proceedings." Mot. Subpoena (Doc. No. 55) at 2; (Doc. No. 56) at 1. As indicated above, the defendants have moved for summary judgment. No hearings are scheduled. Nor has the case been scheduled for trial.

The defendants have filed an objection to the second Motion for Issuance of a Subpoena. See Objection re Mot. for Subpoena ("Obj.") (Doc. No. 60). They contend that the motion should be denied because Garcia need not file a formal motion seeking the approval of the court for the issuance of a subpoena by the Clerk. The defendants also object to the Motion because discovery closed in this case in July 2017.

A party need not file a motion for the issuance of a subpoena, but may simply submit a request to the Clerk to issue a subpoena form. See Fed. R. Civ. P. 45(a)(3). After the Clerk receives a request from a party for a subpoena, he or she must issue the "subpoena, signed but otherwise in blank" to the requesting party. See id. Because a party need not file a formal motion for a subpoena, the Motions for Issuance of a Subpoena are denied.

The court reminds Garcia, to the extent that Garcia seeks to subpoena documents from the State of Connecticut Judicial Marshal's Office at the New Britain Superior Court for purposes of discovery, that discovery did in fact close on July 11, 2017, pursuant to an Order issued during a status conference held by United States Magistrate Judge Merriam on July 10, 2017. See Order (Doc. No. 35). Thus, if Garcia seeks to pursue the production of documents through the service of a subpoena, he would need to move to reopen discovery. His Motions include no basis for the court to reopen discovery at this point in the litigation. Thus, the court denies the request for waiver of costs associated with serving any subpoena that Garcia might receive from the Clerk and complete.

For the reasons set forth above, the Motions for Issuance of a Subpoena and for waiver of costs associated with serving the subpoena are denied in all respects.

## III. Motion to Seal (Doc. No. 41)

Pursuant to Local Rule 5(e)3, the defendants seek to seal copies of Garcia's medical and mental health records filed as Attachment B to Exhibit 6 and Attachment C to Exhibit 7 in support of their Motion for Summary Judgment. The defendants state that Garcia's medical and mental health records should be kept confidential in accordance with the Health Insurance Portability and Accountability Act. Garcia does not oppose the Motion. The court concludes that sealing is supported by clear and compelling reasons. Thus, the Motion to Seal is granted.

## IV. Conclusion

The Motion to Seal (**Doc. No. 41**) the medical records of Garcia filed as Attachment B to Exhibit 6 and Attachment C to Exhibit 7 and in support of the Defendants' Local Rule 56(a)1 Statement of Material Facts in Support of Summary Judgment (Doc. No. 38-2) is **GRANTED**. **Attachment B to Exhibit 6, filed as Doc. No. 38-8 at 10–11, shall be sealed and Attachment C to Exhibit 7, filed as Doc. No. 39, shall remain sealed.**

The Motion for Appointment of Counsel (**Doc. No. 44**) is **DENIED** without prejudice to refiling at a later stage of litigation. Any renewal of this Motion shall be accompanied by a summary of any attempts to obtain legal assistance from the Inmate Legal Aid Program, including dates upon which Garcia contacted the Program and the reasons why assistance was unavailable. The Motions for Issuance of a Subpoena (**Doc. Nos. 55, 56**) are **DENIED** in all respects.

**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of February, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge