UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE GARCIA,<br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CONNECTICUT<br>HEALTH CARE CENTER, ET AL.,<br>    Defendants. | :<br>:<br>:  Case No. 3:16-cv-852(JCH)<br>:<br>:<br>:  JUNE 11, 2018<br>:<br>: |

**ORDER FOR FURTHER BRIEFING IN SUPPORT OF AND IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 38)**

The plaintiff, Jose Garcia ("Garcia"), is currently incarcerated at MacDougall-Walker Correctional Institution, in Suffield, Connecticut. He initiated this action by filing a complaint pro se pursuant to section 1983 of title 42 of the United States Code and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. against the University of Connecticut Health Care Center ("UCONN"); the Department of Corrections ("DOC"); Commissioner Scott Semple; Lieutenant Hurdle; Correctional Officers Genise, Gray, Parnishkul, Burritt, Ross, and Byars; Clinical Social Workers Marek and Bertulis; and Licensed Practical Nurse Yerkes. See Complaint ("Compl.") (Doc. No. 1) at 1-3. The Complaint includes allegations pertaining to Garcia's placement on in-cell restraints on May 6, 2014, and his confinement on in-cell restraints until May 7, 2014. See id. at 6-9.

**I.    PROCEDURAL BACKGROUND**

On September 29, 2016, the court dismissed the ADA claims, the section 1983 claim of verbal harassment against Genise, and the section 1983 claims against Semple, UCONN and DOC, pursuant to section 1915A(b)(1) of title 28 of the United

States Code, and dismissed the claims for monetary damages against all defendants pursuant to section 1915A(b)(2).  See Initial Review Order (Doc. No. 7) at 9.  Thus, all claims against Genise, Semple, UCONN, and DOC have been dismissed.

The court concluded that the following claims would proceed against the remaining defendants: an Eighth Amendment claim of deliberate indifference to mental health needs against Gray, Marek, Bertulis, and Yerkes for allegedly refusing to prescribe Garcia medication or treatment for his mental illness and instead placing him in restraints as punishment; an Eighth Amendment claim that Hurdle, Parnishkul, Burritt, Ross, and Byars were deliberately indifferent to Garcia's safety and health and subjected him to unconstitutional conditions of confinement when they facilitated his placement on in-cell restraints and/or applied the restraints in such a manner as to cause him pain and prevent him from standing upright or using the toilet; and, First Amendment claims that Hurdle, Parnishkul, Burritt, Ross, and Byars placed Garcia on in-cell restraints for nine hours and refused to permit Garcia to clean himself up after the restraints were removed in retaliation for Garcia's statement that he planned to file a lawsuit against mental health staff at Garner.  See id. at 2–3, 9.  Hurdle, Gray, Parnishkul, Burritt, Ross, Byars, Marek, Bertulis, and Yerkes have moved for summary judgment.  (Doc. No. 38).

## II. DISCUSSION

In support of their Motion for Summary Judgment, Hurdle, Gray, Parnishkul, Burritt, Ross, Byars, Marek, Bertulis, and Yerkes have filed a Local Rule 56(a)1 Statement ("Defs.' L.R. 56(a)1") (Doc. No. 38-2) and supporting declarations and

exhibits (Docs. Nos. 38-3 to 38-14 & 39).  In opposition to the Motion for Summary Judgment, Garcia has filed a Local Rule 56(a)2 Statement ("Pl.'s L.R. 56(a)2") (Doc. No. 58) and a supporting declaration and exhibits (Doc. Nos. 59-1 to 59-5).  In reviewing the documents and evidence submitted by the parties in support of and in opposition to the Motion for Summary Judgment, it has become apparent to the court that additional memoranda and new declarations are necessary to permit the court to rule on the Motion.

      **A.**      **Declarations in Support/Opposition - Motion for Summary Judgment**

Defendants' Motion for Summary Judgment is supported by the declarations of Hurdle, Gray, Parnishkul, Burritt, Ross, Byars, Marek, Bertulis, Records Specialist II Laura Faretti ("Faretti"), and Grievance Coordinator Magdalena Szczygiel ("Szczygiel").  See Defs.' L.R. 56(a)1 Exs. 1-9 & 11.  Rule 56(c)(4) of the Federal Rules of Civil Procedure provides that parties may submit either affidavits or declarations in support of, or in opposition to, a motion for summary judgment.  The affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Id.

A declaration must comply with section 1746 of title 28 of the United States Code, which section requires that an unsworn declaration, verification, certification, or statement be dated, signed and subscribed by the maker "as true under penalty of perjury."  Under section 1746(2), a court may consider, as evidence, an unsworn declaration executed within the United States, if it is filed in substantially the

following form: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date).  (Signature)".  The Second Circuit has held that the truth of the matters in a declaration, certification, verification, or statement must be expressly subscribed under penalty of perjury to meet the requirements of section 1746.  See In re World Trade Ctr. Disaster Site Litig., 722 F.3d 483, 488 (2d Cir. 2013) (holding that "substitution of 'subject to punishment' for 'under penalty of perjury'" was "contrary to the plain language of [section 1746 ] and the objective sought to be advanced by it.")

      The Declaration filed by Burritt is not signed and is not subscribed under penalty of perjury.  See Defs.' L.R. 56(a)1 Ex.11 (Doc. No. 38-13).  The Declarations filed by Gray, Byars, Ross, Parnishkul, Marek, Bertulis, and Szczygiel are not subscribed under penalty of perjury.  See id. Exs. 2-7, 9 (Docs. Nos. 38-3 to 38-9, 38-11).  Only the Declarations of Ross and Faretti are subscribed as true and correct under penalty of perjury.  See id. Exs. 1, 8 (Docs. Nos. 38-2, 38-10).  Because the Declarations of Gray, Byars, Ross, Parnishkul, Marek, Bertulis, Burritt, and Szczygiel do not comply with section 1746 or the decision in In re World Trade Ctr. Disaster Site Litig., they cannot be considered in support of the Motion for Summary Judgment.  See Rivera v. Samilo, No. 16-CV-1105 (DLI)(JO), 2018 WL 1701935, at *6 n.6 (E.D.N.Y. Mar. 30, 2018) ("The Court declines to consider the unsworn testimony of Michael Delcore, which was not submitted under penalty of perjury."); Lewis v. Cavanaugh, No. 3:10-CV-00112-VLB, 2015 WL 540593, at *2 (D. Conn. Feb. 10, 2015) (declining to consider statement as evidence in opposition to motion for summary judgment because statement did not

indicate that "it was made under penalty of perjury"), aff'd, 685 F. App'x 12 (2d Cir. 2017); Waddlington v. City of New York, 971 F. Supp. 2d 286, 292 (E.D.N.Y. 2013) ("Because Kareem's unsworn statement does not attest to the truthfulness of the assertions contained therein, subject to the penalty of perjury, it is not a competent form of evidence on which the court may rely in its disposition of the pending motion for summary judgment."), appeal dismissed, Case No. 13-2071 (2d Cir. Oct. 24, 2013).

In opposition to the Motion for Summary Judgment, Garcia has submitted his own declaration, which he concedes was drafted by another inmate, designated as a jailhouse lawyer. See Garcia Decl. (Doc. No. 59-1); Pl.'s Mem. Opp'n Mot. Summ. J., (Doc. No. 59) at 22. The Declaration is subscribed as true under penalty of perjury, but it does not contain Garcia's signature and is not dated. See Garcia Decl. (Doc. No. 59-1) at 7. Thus, it does not meet the requirements of section 1746 and the court cannot consider it in opposition to the Motion for Summary Judgment. See Dilworth v. Goldberg, No. 10-CV-2224 JMF, 2014 WL 3798631, at *1 (S.D.N.Y. Aug. 1, 2014) ("Here, the unsworn 'verified complaint' is not signed, and the Court therefore cannot rely on it in resolving the instant motion [for summary judgment]."); Alleva v. New York City Dep't of Investigation, 696 F. Supp. 2d 273, 278 (E.D.N.Y. 2010), aff'd, 413 F. App'x 361 (2d Cir. 2011) ("lack of a signature [on three declarations] renders them invalid under 28 U.S.C. § 1746, which requires the signature of the declarant"). The court notes that, even if it were signed and dated, Garcia's Declaration does not include factual statements in support of the allegations in the Complaint that might create a factual dispute as to the alleged unconstitutional conduct of the defendants.

In addition, although a court may consider a complaint that is subscribed as true under penalty of perjury as a declaration in support of, or in opposition, to a motion for summary judgment, Garcia's Complaint is not subscribed as true under penalty of perjury.  See Compl. (Doc. No. 1).  Thus, the court may not consider the Complaint as a declaration in opposition to the Motion for Summary Judgment.  Garcia has submitted no other evidence that supports the allegations in the Complaint or refutes the facts in the Local Rule 56(a)1 Statement that he disputes or denies.

Under Rule 56(e)(1) of the Federal Rules of Civil Procedure, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact. . . ."  The 2010 Advisory Committee Notes to Rule 56(e)(1) suggest that before a district court "decide[s] on other possible action," affording the movant or nonmovant "an opportunity to support or address [a] fact" will in many circumstances be "the court's preferred first step."

Due to the deficient declarations submitted by the defendants and Garcia, the defendants have failed to support many of the assertions of facts in their Local Rule 56(a)1 Statement with admissible evidence and Garcia has failed to address most of the facts in the defendants' Local Rule 56(a)1 Statement with citations to admissible evidence.  Accordingly, pursuant to Rule 56(e)(1), the court will permit the defendants and Garcia to file supplemental Local Rule 56(a) Statements and new declarations in support of those statements that comply with section 1746.  See e.g., Rowe v. AAA W. & Cent. New York, Inc., No. 5:15-CV-00063(LEK/TWD), 2016 WL 7442656, at *7

6

(N.D.N.Y. Dec. 27, 2016) ("Although Rowe has failed to address material facts asserted by AAA concerning his qualifications for the Contact Center position, the Court will exercise its discretion under Rule 56(e)(1) to give Rowe an opportunity to properly do so."); Parks v. Blanchette, No. 09-CV-604, 2015 WL 1970526, at *1–2 (D. Conn. May 1, 2015) (invoking Rule 56(e)(1) to allow the defendants to resubmit affidavits from fact witnesses that failed to specify that they were based on personal knowledge); Noel v. Interpublic Grp. of Co's Inc., No. 12 CV 2996 HB, 2013 WL 1955879, at *1–2 (S.D.N.Y. May 13, 2013) (noting that under Rule 56(e)(1), a court may give a party the opportunity to properly address another party's fact and permitting plaintiff additional time to file a "sworn affidavit or verified amended complaint attesting to her personal knowledge of the facts alleged in the amended complaint" in opposition to motion for summary judgment).

### B.  Eighth Amendment Claims

Although the Complaint includes no allegations that Garcia was a pretrial detainee at the time of the incidents that occurred on May 6, 2014, and May 7, 2014, and asserts claims only under the First and Eighth Amendments, evidence submitted by the defendants as well as State of Connecticut Judicial Branch records reflect that Garcia had not been sentenced as of those dates.  The Judicial Branch records show that, on March 28, 2013, Hartford Police officers arrested Garcia on criminal charges and on July 24, 2014, Garcia pleaded guilty to one count of unlawful restraint in the second degree and one count of risk of injury to a child in connection with his arrest on March 28, 2013.  See State of Connecticut Judicial Branch website located at

7

http://www.jud.ct.gov/ (Search under Case Look-up, Criminal/Motor Vehicle, Convictions – By Docket Number using HHD-CR13-0665871-T.)  On September 18, 2014, a judge sentenced Garcia to one year of imprisonment pursuant to his plea of guilty to one count of unlawful restraint and ten years of imprisonment pursuant to his plea of guilty to one count of risk of injury to a child.  See id.

The movement sheet submitted by defendants in support of their Motion for Summary Judgment reflects that Garcia was admitted to the Department of Correction on March 23, 2013, the date of his arrest, and began to serve a sentence on September 18, 2014, the date of his sentencing in the criminal case described above.  See Defs.' L.R. 56(a)1 Ex. 1, Attach. A. (Doc. No. 38-3) at 5.  Furthermore, several entries in Garcia's medical records reflect that he had not been sentenced as of May 1, 2014 or as of May 8, 2014.  See Defs.' L.R. 56(a)1 Ex. 7, Attach. C – Sealed Medical Records (Doc. No. 39) at 14 and 35.  Thus, it has become apparent that Garcia had not been sentenced as of May 6–7, 2014, the dates on which the incidents that form the basis of this action occurred, and was a pretrial detainee at that time.

"A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment."  Darnell v. Pineiro, 849 F.3d 17, 29 (2017).  This is because—in contrast to a convicted prisoner—"[p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise."  Id. (internal quotation marks and citation omitted).  Accordingly, the court construes Garcia's deliberate indifference to

8

medical needs and deliberate indifference to health and safety/unconstitutional conditions of confinement claims as having been asserted under the Fourteenth Amendment.

The Second Circuit has recently ruled that the Fourteenth Amendment standard applicable to conditions of confinement claims of pretrial detainees is different from the Eighth Amendment standard applicable to conditions of confinement claims of convicted prisoners. See Darnell, 849 F.3d at 34–35 (overruling Caiozzo v. Koreman, 581 F.3d 63 (2d Cir. 2009) "to the extent that [Caiozzo] determined that the standard for deliberate indifference is the same under the Fourteenth Amendment as it is under the Eighth Amendment"). Specifically, the second prong or the "mens rea prong" of the Fourteenth Amendment deliberate indifference standard is "defined objectively," rather than subjectively. See id. at 35. Thus, to satisfy the "mens rea" prong of a Fourteenth Amendment conditions of confinement claim, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Id. (emphasis added).

Although Darnell did not address a claim of deliberate indifference to medical needs, the Second Circuit implied that the same Fourteenth Amendment standard should be applied to all deliberate indifference claims asserted by a pretrial detainee. See id. at 33 n.9 ("deliberate indifference means the same thing for each type of claim under the Fourteenth Amendment") (citation omitted). District courts in this Circuit have

applied Darnell's objective "mens rea" prong to claims of deliberate indifference to serious medical needs under the Fourteenth Amendment. See Walker v. Wright, No. 3:17-CV-425 (JCH), 2018 WL 2225009, at *5 (D. Conn. May 15, 2018), Gonzalez-Torres v. Newson, No. 3:17-CV-00045 (SRU), 2017 WL 2369369, at *3 (D. Conn. May 31, 2017); Lloyd v. City of New York, 246 F. Supp. 3d 704, 718–19 (S.D.N.Y. 2017); Feliciano v. Anderson, No. 15-CV-4106 (LTS) (JLC), 2017 WL 1189747, at *10 (S.D.N.Y. Mar. 30, 2017);  In view of the evidence reflecting that Garcia was a pretrial detainee on May 6–7, 2014, the court will permit the defendants to file a supplemental memorandum to address the applicability of the Fourteenth Amendment deliberate indifference standard to Garcia's claims of deliberate indifference to mental health needs, deliberate indifference to health or safety and unconstitutional conditions of confinement.  Garcia will have twenty-one days to file his opposition to this supplemental memorandum in support of the Motion for Summary Judgment.

### III.     CONCLUSION

Within twenty-one days of the date of this Order, the defendants shall file: (1) a supplemental memorandum addressing the applicability of the Fourteenth Amendment standard to Garcia's claims that Gray, Marek, Bertulis, and Yerkes were deliberately indifferent to his mental health needs for allegedly refusing to prescribe him medication or treatment for his mental illness and instead placing him in restraints as punishment and the claim that Hurdle, Parnishkul, Burritt, Ross, and Byars were deliberately indifferent to his safety and health and subjected him to unconstitutional conditions of confinement when they facilitated his placement on in-cell restraints and/or applied the

restraints in such a manner as to cause him pain and prevent him from standing upright or using the toilet; (2) a supplemental Local Rule 56(a)1 Statement; and (3) new declarations in support of that Statement that comply with section 1746.

Within twenty-one days of the filing of defendants' supplemental memorandum, supplemental Local Rule 56(a)1 Statement and new declarations, Garcia must file: (1) a supplemental Local Rule 56(a)2 Statement in response to the defendants' supplemental Local Rule 56(a)1 Statement; (2) his own declaration in support of the supplemental Local Rule 56(a)2 Statement that complies with section 1746; and (3) a supplemental memorandum in opposition to the defendants' supplemental memorandum in support of their Motion for Summary Judgment.

**SO ORDERED.**

Dated at New Haven, Connecticut this 11th day of June, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge